**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**SAMANTHA O'NEIL,**

    **Plaintiff,**

  **v.**

**HAMILTON COLLEGE; KAREN LEACH;**
**ROGER WAKEMAN; LUCY BURKE;**
**NATHAN GOODALE; JEFF LANDRY; LISA**
**MAGNARELLI; TERRY MARTINEZ;**
**ADINA MUJIC; JOE SHELLEY; STEVE**
**STEMKOSKI; CAZ ULLEM; DAVID**
**WIPPMAN,**

    **Defendants.**

_____

**COMPLAINT**

**Civil Action Number:**
 6:23-cv-1254 (DNH/ML)

**JURY TRIAL DEMANDED**

Plaintiff Samantha O'Neil by and through her undersigned counsel respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This action is for the discriminatory discharge and illegal retaliation against Plaintiff by Defendants brought pursuant to the Title VII of the Civil Rights Act of 1964, as amended [hereafter "Title VII"], Title 1 of the Americans with Disabilities Act of 1990, as amended, [hereafter "ADA"] and the New York State Executive Law, Article 15 – Human Rights Law [hereafter "HRL § 296"].

2. The jurisdiction of this Court is predicated on the existence of federal questions, pursuant to 28 U.S.C. 1331 and 1343.

3. This Court also has jurisdiction pursuant to 42 U.S.C. 2000e-5 (f) (3).

4. Pursuant to 28 U.S.C. §§ 1367 (A) supplemental jurisdiction of this Court is invoked to hear all claims born out of state law because all causes of action arise out of the same common nucleus of facts as plead in the following paragraphs.

5. This action is properly venued in the United States District Court for the Northern District of New York because the facts of which these causes of action arise occurred within the District, and upon information and belief the Plaintiff is domiciled within said District and Defendant Hamilton College maintains its principal place of business within said District.

6. Based on the allegations below, venue is proper in the United States District Court for the Northern District of New York.

7. Plaintiff timely requested and the Equal Opportunity Employment Commission [hereafter "EEOC"] did issue a Charge for discrimination and retaliation in violation of Title VI and the ADA against Defendant Hamilton College for the actions described below.

8. The EEOC assigned charge number 525-2022-01257 to the charge.

9. On July 13, 2023 Plaintiff's counsel received a right to sue letter from the EEOC, a true copy of which is attached hereto as **Exhibit A**.

10. Therefore, Plaintiff has exhausted her administrative remedies and satisfied the conditions precedent to suit.

<u>**PARTIES AND RELEVANT NON-PARTIES**</u>

11. Plaintiff, Samantha O'Neil, during all relevant times herein was and is an adult and a citizen of the United States of America, residing in the State of New York.

12. Plaintiff is female.

13. At the time of the unlawful acts of discrimination and retaliation by Defendants, Plaintiff was pregnant.

14. Plaintiff was an employee of Defendant Hamilton College.

15. Plaintiff was hired by Defendant Hamilton College on January 7, 2020 as a Discovery Team Coordinator.

16. Upon information and belief Defendant Hamilton College, was founded on July 1, 1793 as the Hamilton-Oneida Academy and was then chartered as Hamilton College in 1812 who, upon information and belief, maintains a campus generally located at 198 College Hill Road, Clinton, New York, 13323 and employed many of the individual Defendant(s) at all relevant times herein.

17. Generally speaking, Defendant Hamilton College is a liberal arts college located in Clinton, New York.

18. Defendant Hamilton College employs the requisite number of employees such that they are subject to Title VII, the ADA and HRL § 296.

19. In an effort to address the Covid-19 pandemic, Defendant Hamilton College, during all relevant times herein, established a "Covid-19 Task Force".

20. Upon information and belief, the Covid-19 Task Force conducted its business as at 198 College Hill Road, Clinton, New York, 13323.

21. According to Hamilton College's website, the individual members of the Covid 19 Task Force were Karen Leach, Roger Wakeman, Lucy Burke, Nathan Goodale, Jeff Landry,

Lisa Magnarelli, Terry Martinex, Adina Mujica, Joe Shelley, Steve Stemkoski, Caz Ullem and David Wippman.  Attached hereto as **Exhibit B** is a copy from Hamilton College's website of the composition of the Covid 19 Task Force as it stood on February 6, 2022.

22. Many of the members are considered supervisors/officers for Defendant Hamilton College.  (**Exhibit B**).

23. Upon information and belief and as alleged below, the Covid 19 Task Force has the power to make personnel decisions for Hamilton College which in turn would result in the termination of employees.  Important here, and as explained below, said Covid-19 Task Force determined who of Hamilton's College's workforce would be granted a Covid-19 vaccination accommodation from Hamilton College's compulsory Covid -19 vaccination policy for employees.  Such decisions would affect the status and conditions of employment for the College's employees and therefore the Covid-19 Task Force certainly did exercise a degree of control over said employees.

24. Upon information and belief, there were no licensed Medical Doctors on the Covid-19 Task Force, despite it being tasked with making medical decisions.[1]  (**Exhibit B**).

25. Upon information and belief, per the factual allegations below, the Covid 19 Task Force was independently charged with making the Covid-19 mandatory vaccination decisions for Defendant Hamilton College such that the Covid-19 Task Force members were

---

[1] In the interest of full disclosure, there may have been a Registered Nurse.  However, a Registered Nurse's medical opinion does not carry the same weight as licensed Medical Doctor.

making personnel decisions in this regard, and were *not* carrying out personnel decisions made by others.

26. Upon information and belief, members of the Covid 19 Task Force held high-level or student positions with Defendant Hamilton College such that they had a personal interest in the economic success of the Defendant Hamilton College.

27. Therefore, per applicable New York State caselaw, the members of the Covid-19 Task force are sued as Defendants on the New York State Law HRL § 296 claims.

28. At all relevant times herein, Shauna Hirshfield was an employee of Hamilton College and was Plaintiff's immediate supervisor.

29. Ms. Hirshfield is not a named defendant in this case.

30. At all relevant times herein, Plaintiff was under Doctor Regina Farrell, M.D.'s care for her pregnancy.

31. Upon information and belief, at all times relevant herein Doctor Regina Farrell, M.D. is licensed to practice medicine in New York state as a Medical Doctor and has her practice at 139 Fields Drive, Oneida, New York 13421.

## STATEMENT OF FACTS

32. On or about March 13, 2020 Plaintiff began to work from home for Defendant Hamilton College due to the Covid-19 pandemic.

33. At all times relevant herein, Plaintiff worked from home without incident and there were no complaints from Hamilton College concerning Plaintiff's work performance/work product.

34. Then Plaintiff became pregnant.

35. On or about February of 2021 Plaintiff informed Hamilton College, her employer, that she was pregnant.

36. In May of 2021 Ms. O'Neil learned of complications during her pregnancy.

37. Specifically, during Ms. O'Neil's pregnancy, an ultrasound was performed that revealed multiple "soft markers" in the fetus she was carrying.  These soft markers were indicative of a child being still born or have Downs syndrome.  A chromosomal test was ordered but the results were not 100% accurate.  Specifically, areas of concern were the Trisomies 13, 18 and 21, any of which could have resulted in a non-viable pregnancy/birth.

38. Also in May of 2021 Plaintiff put Hamilton College on notice of the actual dates for her pregnancy, to plan for the New York State paid family leave and the unpaid federal Family Medical Leave Act Time.  Attached hereto as **Exhibit C** is an email to this effect that was provided by Hamilton College at the EEOC proceedings.[2]

39. Plaintiff's actual expected due date was September 12, 2021.

40. In the Summer of 2021 Hamilton College announced that starting on August 26, 2021 the Covid-19 vaccine was mandatory for all Hamilton College employees unless they were granted an exemption from the Covid-19 Task Force.

---

[2] Plaintiff believes there is a possibility that the emails that Hamilton College sent to the EEOC may have been edited as there are gaps in the pages of the emails, as is evidenced from reviewing said emails.  Accordingly, Plaintiff requires discovery to ultimately determine the authenticity of said emails. But for now, they suffice to make Plaintiff's case plausible which is all that is required under the FRCP.

41. Upon learning of this compelled Covid-19 vaccine rule as mandated by Hamilton College, Plaintiff asked her immediate supervisor Ms. Hirshfield what she should do.

42. Ms. Hirshfield informed Plaintiff, in sum and substance, that she should request an accommodation for a delayed vaccination until after Plaintiff completed her pregnancy.

43. Importantly, at all times discussed herein Plaintiff was willing to take the Covid-19 vaccine to comply with Hamilton College's vaccine mandate after she completed her pregnancy.

44. Accordingly, on July 8, 2021 Plaintiff attempted to contact the Covid-19 Task Force via Hamilton's Human Resource Department (hereafter referred to as "HR").

45. Specifically, attached hereto as **Exhibit D** is an email that Hamilton College filed with the EEOC regarding Plaintiff's July 8, 2021 email.

46. As **Exhibit D** illustrates, almost two weeks later, on July 20, 2021 HR responded with a one line email requesting a doctor's note.

47. Accordingly, on July 21, 2021 Plaintiff submitted her Medical Doctor's note in support of her request for a delayed Covid-19 vaccination to HR to forward to the Covid-19 Task Force.

48. Specifically, attached hereto as **Exhibit E** is the email with the attached Medical Doctor's note that Hamilton College filed with the EEOC regarding Plaintiff's July 21, 2021 email.

49. Accordingly, on July 28, 2021, via email, Plaintiff followed-up with HR concerning her submissions to the Covid-19 Task Force.

50. HR responded that the Plaintiff's exemption request had been forwarded to Defendant Stemkoski who is part of the Covid-19 Task Force, and the Covid-19 Task Force would be reviewing Plaintiff's request for an accommodation for few week's delayed vaccination on July 30, 2021.

51. Specifically, attached hereto as **Exhibit F**, is the email chain concerning said follow-up by Plaintiff and the response from HR that Defendant Hamilton College filed with the EEOC.

52. On July 30, 2021 into August 2, 2021 Defendant Stemkoski indicated both verbally and via emails to Plaintiff that the Covid-19 Task Force was denying Plaintiff's request to delay her vaccination until after pregnancy, because Plaintiff's Doctor's Note lacked supporting documentation.

53. Specifically, attached hereto as **Exhibit G** is the July 30, 2021 to August 2, 2021 email chain that Defendant Hamilton College filed with the EEOC.

54. Accordingly, Hamilton College's Covid-19 Task Force, despite not having a single Medical Doctor on it, presumed they could determine the best course of care and treatment for Plaintiff's pregnancy with the complications as described above, better than her own Medical Doctor, and based solely on their apparent review of the Center for Disease Control's website.

55. Also during this time period, Plaintiff tried to engage in an interactive process and requested that Defendant Stemkoski ask the Covid-19 Task Force, that instead of having Plaintiff returning to work unvaccinated, that she be allowed to continue work from

home (as she had successfully done for over a year at this point) and not to be vaccinated for a few more weeks, until completing the pregnancy, at which point she would be vaccinated.

56. Upon information and belief, Plaintiff's immediate supervisor Ms. Hirshfield was in favor of Plaintiff working from home, unvaccinated, so she could complete her pregnancy.

57. As further evidence of Defendants failure to engage in an interactive process to reach an appropriate accommodation, despite the Defendants claiming that they needed more information from Plaintiff concerning her pregnancy, Plaintiff is unaware of any evidence to suggest that Defendants actually made such any follow-up with Dr. Farrell, despite Dr. Farrell having stated in her letter for Defendants to call her office with questions or concerns at 315-363-9380 concerning the Dr. Farrell's note.  (See **Exhibit E** – Doctor's Note).

58. Plaintiff also expressed during this time that if Defendants were requiring her to come to work she would get tested regularly and wear masks until she completed her pregnancy, at which point she would get vaccinated.

59. Nevertheless, on August 13, 2023 Defendant Stemkoski emailed Plaintiff unequivocally stating, in part, "[a]fter a thorough review of your application, the committee has denied your medical exemption request.  As a result of this denial you can choose to get vaccinated or work with Human Resources on various separation options."

60. Specifically, attached hereto as **Exhibit H** is the August 13, 2021 email chain which was filed by Defendant Hamilton College at the EEOC, in which Defendants told Plaintiff her requests for accommodation had been denied and she would be fired.

61. On or about Wednesday August 18, 2021 Plaintiff had a follow-up conversation with Defendant Stemkoski concerning the denials of request for accommodation.

62. Importantly, Plaintiff followed up on the conversation in an August 20, 2021 email and asked for a written decision concerning her denied requests for accommodation from Defendants.  A true copy of said email chain is attached hereto as **Exhibit I page 2**.

63. Not wanting to put anything in writing, most likely in an effort to conceal their discrimination and retaliatory motives, Defendants never provided the written decision Plaintiff requested in her August 20, 2021 emails.

64. Instead, on August 25, 2021 Plaintiff was abruptly terminated while working with a student. See **Exhibit I page 3**.

65. Again, Plaintiff in an August 25, 2021 email asked for a written decision why the Covid-19 Task Force had denied her multiple requests for accommodation, but again Defendants refused to put their reasons in writing. See **Exhibit I page 3**.

66. Similarly,– and most likely in an effort to conceal their discrimination and retaliatory motives – the Defendants never put their reasons for denying Plaintiff's requests for accommodations in writing. See **Exhibit I page 3**.

## AS AND FOR A FIRST CAUSE OF ACTION
## A CLAIM OF DISCRIMINATORY DISCHARGE IN VIOLATION OF TITLE VII
## AGAINST DEFENDANT HAMILTON COLLEGE

67. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

68. As factually plead above Plaintiff was at all times relevant a pregnant female, both of which are protected classes under Title VII.

69. As factually plead above, Plaintiff was qualified to hold her position as a Discovery Team Coordinator.

70. Additionally, Plaintiff never received any complaints or was disciplined for her work performance/work product as a Discovery Team Coordinator.

71. Furthermore, Plaintiff was praised several times for her work performance as a Discovery Team Coordinator for Hamilton College.

72. As factually plead above, Plaintiff suffered adverse employment action as she was terminated on August 25, 2021.

73. As factually plead above, Plaintiff experienced discrimination as she was forced to choose between her job and having to follow her Doctor's guidance which was to wait until she had the pregnancy before getting vaccinated.  A non-pregnant person would never have to make this choice.  Accordingly, this is discrimination.

74. As factually plead above, Plaintiff has asked multiple times for Defendant Hamilton College to put in writing why she was terminated.

75. As factually plead above, Defendant Hamilton College failed to do so Stemkoski, and their actions make clear that Plaintiff was terminated because she chose her child over her job.

76. Therefore, to remedy this claim of discriminatory discharge in violation of Title VII, Plaintiff demands from Defendant Hamilton College lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

**AS AND FOR A SECOND CAUSE OF ACTION**
**A CLAIM OF FAILURE TO ACCOMMODATE IN VIOLATION OF TITLE VII**
**AGAINST DEFENDANT HAMILTON COLLEGE**

77. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

78. As factually plead above, at all times relevant Plaintiff was a pregnant female.

79. As factually plead above Plaintiff requested accommodations and attempted to engage in the interactive process with Defendant Hamilton College on July 8, July 21, July 28, July 30, August 2, August 13 and August 20 of the year 2021.

80. As factually plead above, at no point did Defendant Hamilton College via the Covid-19 Task Force engage in an interactive process with Plaintiff but instead summarily denied her request for an accommodation.

81. Upon information and belief, the Defendant Hamilton College did accommodate other non-pregnant employees by allowing them not to get vaccinated but instead to submit to

COVID testing twice a week, which was one of the exact accommodations Plaintiff had requested and was denied.

82. As factually plead above, Plaintiff has asked multiple times for Defendant Hamilton College to put in writing why she terminated.

83. As factually plead above, Defendant Hamilton College failed to do so, and their actions make clear that Plaintiff was terminated because she chose her child over her job.

84. Finally, as factually plead above, the Defendant Hamilton College's Covid-19 Task Force was not qualified nor did they have the legal right to question the medical opinion of Plaintiff's physician, Doctor Farrell.

85. Therefore, to remedy this claim of a failure to accommodate in violation of the Title VII, Plaintiff demands from Defendant Hamilton College lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION
## A CLAIM OF RETALIATORY DISCHARGE IN VIOLATION OF TITLE VII
## AGAINST DEFENDANT HAMILTON COLLEGE

86. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

87. As factually plead above, on or about July 8, July 21, July 28, July 30, August 2, August 13 and August 20 of the year 2021 Plaintiff engaged in protected activities under Title VII with Defendant Hamilton College and its Covid-19 Task Force.

88. As factually plead above, Defendant Hamilton College was aware of the above cited protective activities that Plaintiff engaged in.

89. As factually plead above, Defendant Hamilton College took an adverse job action against Plaintiff by terminating her on August 25, 2021.

90. Said termination was in retaliation for Plaintiff's protected activity due to the close proximity of time between the protected activities and Plaintiff's termination.

91. Therefore said termination was in violation of Title VII.

92. Therefore, to remedy this claim of retaliatory discharge in violation of Title VII, Plaintiff demands from Defendant Hamilton College lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
## A CLAIM OF DISCRIMINATORY DISCHARGE IN VIOLATION OF THE ADA
## AGAINST DEFENDANT HAMILTON COLLEGE

93. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

94. As factually plead above, Defendant Hamilton College is subject to the ADA.

95. As factually plead above, Plaintiff was disabled within the meaning of the ADA because of the complications associated with the pregnancy which were impairing her ability to engage in a major life activity, i.e. birthing a healthy live child.

96. As factually plead above, Plaintiff could perform the essential functions of her job as she had been able to work from home for over a year, proving that her in person appearance at the Hamilton College Campus was not an essential function of the job. Nor was being vaccinated an essential function of her job as other employees were given exemptions.

97. As factually plead above, Plaintiff suffered adverse employment action as she was terminated because she was having a pregnancy with complications (which is a disability under the ADA as plead above) such that Plaintiff could not be vaccinated per her Doctor's orders.

98. Therefore, to remedy this claim of discriminatory discharge in violation of the ADA Plaintiff demands from Defendant Hamilton College lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**A CLAIM OF FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA**
**AGAINST DEFENDANT HAMILTON COLLEGE**

99. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

100. As factually plead above, Defendant Hamilton College is subject to the ADA.

101. As factually plead above, Plaintiff was disabled within the meaning of the ADA because of the complications associated with the pregnancy were impairing her ability to engage in a major life activity i.e. birthing a healthy live child.

102. As factually plead above Plaintiff requested accommodations and attempted to engage in the interactive process with Defendant Hamilton College on July 8, July 21, July 28, July 30, August 2, August 13 and August 20 of the year 2021.

103. As factually plead above, Plaintiff could perform the essential functions of her job as she had been able to work from home for over a year, proving that her in person appearance at the Hamilton College Campus was not an essential function of the job. And even if in-person work was an essential function of the job, Plaintiff's made only a request for a *de minimis* accommodation to continue working from home for a few weeks, as she already had been for a year, so that she could have her child and then promptly get vaccinated and return to her workplace.

104. Nor was being vaccinated an essential function of her job as other employees were given exemptions.

105. Finally, Plaintiff could have performed the essential functions of her job with the reasonable accommodation of being subjected to twice weekly COVID testing and wearing a mask, as that is what the other employees that were given vaccine exemptions were required to do by Defendant Hamilton College.

106. As factually plead above, Defendant Hamilton College, without providing any reason in writing, has denied Plaintiff's requests for accommodation and terminated her.

107. Therefore, to remedy this claim of discriminatory discharge in violation of the ADA, Plaintiff demands from Defendant Hamilton College lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

<b>AS AND FOR A SIXTH CAUSE OF ACTION<br>
A CLAIM OF RETALIATORY DISCHARGE IN VIOLATION OF THE ADA AGAINST<br>
DEFENDANT HAMILTON COLLEGE</b>

108. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

109. As factually plead above, on or about July 8, July 21, July 28, July 30, August 2, August 13 and August 20 of the year 2021 Plaintiff engaged in protected activities under the ADA with Defendant Hamilton College and its Covid-19 Task Force.

110. As factually plead above, Defendant Hamilton College was aware of the above cited protective activities that Plaintiff engaged in.

111. As factually plead above, Defendant Hamilton College took an adverse job action against Plaintiff by terminating her on August 25, 2021.

112. Said termination was in retaliation for Plaintiff's protected activity due to the close proximity of time between the protected activities and Plaintiff's termination.

113. Therefore said termination was in violation of ADA.

114. Therefore, to remedy this claim of retaliatory discharge in violation of ADA Plaintiff demands from Defendant Hamilton College lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**A STATE LAW CLAIM OF DISCRIMINATORY DISCHARGE ON THE BASIS OF SEX AND/OR PREGNANCY IN VIOLATION OF HRL § 296 AGAINST ALL DEFENDANTS**

115. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

116. As factually plead in the foregoing First Cause of Action, on August 25, 2021 Defendants discharged Plaintiff in violation of HRL § 296.

117. Therefore, to remedy this claim of discriminatory discharge on the basis of sex/pregnancy in violation of HRL § 296 Plaintiff demands from Defendants lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**A STATE LAW CLAIM OF FAILURE TO ACCOMMODATE ON THE BASIS OF PREGNANCY IN VIOLATION OF HRL § 296 AGAINST ALL DEFENDANTS**

118. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

119. As factually plead in the Second Cause of Action, on or about July 8, July 21, July 28, July 30, August 2, August 13 and August 20 of the year 2021 March 1, 2020 Defendants failed to accommodate Plaintiff's pregnancy which then lead to her termination on August 25, 2021 all in violation of the HRL § 296.

120. Therefore, to remedy this claim of failure to accommodate claim on the basis of pregnancy in violation of HRL § 296 Plaintiff demands from Defendants lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

**AS AND FOR AN NINTH CAUSE OF ACTION**
**A STATE LAW CLAIM OF RETALIATORY DISCHARGE ON THE BASIS OF SEX**
**AND/OR PREGNANCY IN VIOLATION OF HRL § 296 AGAINST ALL DEFENDANTS**

121. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

122. As factually plead in the Third Cause of Action, on or about July 8, July 21, July 28, July 30, August 2, August 13 and August 20 of the year 2021 March 1, 2020 Plaintiff engaged in protected activities concerning her pregnancy which then lead to her termination on August 25, 2021 all in violation of the HRL § 296.

123. Therefore, to remedy this claim of retaliatory discharge on the basis of sex/pregancy in violation of HRL § 296 Plaintiff demands from Defendants lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this

action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

## AS AND FOR A TENTH CAUSE OF ACTION
## A STATE LAW CLAIM OF DISCRIMINATORY DISCHARGE ON THE BASIS OF DISABILITY IN VIOLATION OF HRL § 296 AGAINST ALL DEFENDANTS

124. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

125. As factually plead in the foregoing Fourth Cause of Action, on August 25, 2021 Defendants discharged Plaintiff in violation of HRL § 296.

126. Therefore, to remedy this claim of discriminatory discharge on the basis of sex/pregnancy in violation of HRL § 296 Plaintiff demands from Defendants lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## A STATE LAW CLAIM OF FAILURE TO ACCOMMODATE ON THE BASIS OF DISABILITY IN VIOLATION OF HRL § 296 AGAINST ALL DEFENDANTS

127. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

128. As factually plead in the Fifth Cause of Action, on or about July 8, July 21, July 28, July 30, August 2, August 13 and August 20 of the year 2021 March 1, 2020 Defendants

failed to accommodate Plaintiff's disability which then lead to her termination on August 25, 2021 all in violation of the HRL § 296.

129. Therefore, to remedy this claim of failure to accommodate claim on the basis of disability in violation of HRL § 296 Plaintiff demands from Defendants lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
**A STATE LAW CLAIM OF RETALIATORY DISCHARGE ON THE BASIS OF**
**DISABILITY IN VIOLATION OF HRL § 296 AGAINST ALL DEFENDANTS**

130. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

131. As factually plead in the Sixth Cause of Action, on or about July 8, July 21, July 28, July 30, August 2, August 13 and August 20 of the year 2021 March 1, 2020 Plaintiff engaged in protected activities concerning her disability which then lead to her termination on August 25, 2021 all in violation of the HRL § 296.

132. Therefore, to remedy this claim of retaliatory discharge on the basis of disability in violation of HRL § 296 Plaintiff demands from Defendants lost wages, front pay, back pay, lost benefits of employment, attorneys fees and the costs for the prosecution of this action, mental anguish, loss of happiness, loss of reputation, loss of good name and character as well as a claim of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against all the Defendants, in all of their capacities, each of them, jointly and severally, for as follows:

    A.  Monetary compensatory damages including but not limited to lost wages, front pay, back pay, lost benefits of employment, mental anguish, loss of happiness, loss of reputation, loss of good name and character;

    B.  attorneys fees for the prosecution of this action;

    C.  the costs for the prosecution of this action;

    D.  Punitive damages;

    E.  Any and all damages compensable by Plaintiff under law or equity;

    F.  Such other and further relief as this Court determines to be just, fair, appropriate, and proper.

## <u>JURY DEMAND</u>

Plaintiff demands a jury trial on all issues of fact stated herein.

Dated: October 10, 2023             Respectfully submitted,

                                */s/ Zachary C. Oren*
                                Zachary C. Oren, Esq.
                                Bar Roll Number: 603001
                                *Attorney for Plaintiff*
                                Attorney at Law
                                401 Rutger Street
                                Utica, NY 13501
                                Telephone: (570) 441-8818
                                Email: z.c.oren@gmail.com